IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEANDRE HOLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-161-JPG |
| | ) |
| RICHARD WATSON, et al | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT, RICHARD WATSON'S,
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, **Defendant, Sheriff Richard Watson**, by and through his counsel of BECKER, HOERNER, & YSURSA, P.C., and for his Answer & Affirmative Defenses to Plaintiff's Complaint, states as follows:

COUNT 1

Defendant Sheriff Watson denies that he was deliberately indifferent in violation of the Eighth and/or Fourteenth Amendment or otherwise had an unconstitutional policy, custom or practice regarding e-cigarettes at the St. Clair County Jail so as to violate the Plaintiff's constitutional rights and demands strict proof thereof.

WHEREFORE, Defendant, Sheriff Richard Watson respectfully requests this Honorable Court dismiss Count 1 of the Plaintiff's Complaint, and enter judgment in favor of this Defendant and for any and all other relief as this Court deems just and proper.

AFFIRMATIVE DEFENSES TO COUNT 1

By way of further answer and affirmative defense to Count 1 of Plaintiff's Complaint, and without admitting any allegations of Plaintiff's Complaint, Defendant states as follows:

1. Defendant is entitled to qualified, good-faith immunity from Plaintiff's claim.

2. To the extent Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act and other applicable statutes.

3. Plaintiff fails to state a claim for relief.

4. Any injury or damages suffered by the Plaintiff was due to the intervening act of another person(s).

5. Plaintiff has failed to mitigate or otherwise act to lessen or reduce the injuries and damages as alleged.

6. Defendant was at all times acting in conformity with all applicable federal and state laws and regulations and acted with reasonable care.

7. Upon information and belief, whatever damages the Plaintiff may have sustained were caused in whole or in part by the culpable conduct of the Plaintiff and the amount of damages, if any, should be reduced in proportion to the culpable conduct attributable to the Plaintiff.

WHEREFORE, having also answered Count 1 of Plaintiff's Complaint, Defendant, **Sheriff Richard Watson,** respectfully requests that this Court enter

judgment on Count I of Plaintiff's Complaint in its favor and against Plaintiff based on these affirmative defenses, and order such other relief as this Court deems just and proper.

## COUNT 2

Defendant Sheriff Watson denies he was deliberately indifferent in violation of the Eighth and/or Fourteenth Amendment or otherwise subjected the Plaintiff to unconstitutional conditions of confinement, including those conditions related to exposure to e-cigarette smoke, or otherwise violated the Plaintiff's constitutional rights and demands strict proof thereof.

WHEREFORE, Defendant, Sheriff Richard Watson respectfully requests this Honorable Court dismiss Count 2 of the Plaintiff's Complaint, and enter judgment in favor of this Defendant and for any and all other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES TO COUNT 2

By way of further answer and affirmative defense to Count 2 of Plaintiff's Complaint, and without admitting any allegations of Plaintiff's Complaint, Defendant states as follows:

1. Defendant is entitled to qualified, good-faith immunity from Plaintiff's claim.

2. To the extent Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act and other applicable statutes.

3. Plaintiff fails to state a claim for relief.

4. Any injury or damages suffered by the Plaintiff was due to the intervening act of another person(s).

5. Plaintiff has failed to mitigate or otherwise act to lessen or reduce the injuries and damages as alleged.

6. Defendant was at all times acting in conformity with all applicable federal and state laws and regulations and acted with reasonable care.

7. Upon information and belief, whatever damages the Plaintiff may have sustained were caused in whole or in part by the culpable conduct of the Plaintiff and the amount of damages, if any, should be reduced in proportion to the culpable conduct attributable to the Plaintiff.

WHEREFORE, having also answered Count 2 of Plaintiff's Complaint, Defendant, **Sheriff Richard Watson,** respectfully requests that this Court enter judgment on Count I of Plaintiff's Complaint in its favor and against Plaintiff based on these affirmative defenses, and order such other relief as this Court deems just and proper.

## COUNT 3

Defendant Sheriff Watson denies he was deliberately indifferent in violation of the Eighth and/or Fourteenth Amendment or otherwise subjected the Plaintiff to unconstitutional conditions of confinement that posed a substantial risk of serious harm caused by the novel coronavirus, including those conditions related to exposure

to COVID-19 positive inmates, protective gear, and testing for the virus or otherwise violated the Plaintiff's constitutional rights and demands strict proof thereof.

WHEREFORE, Defendant, Sheriff Richard Watson respectfully requests this Honorable Court dismiss Count 3 of the Plaintiff's Complaint, and enter judgment in favor of this Defendant and for any and all other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES TO COUNT 3

By way of further answer and affirmative defense to Count 3 of Plaintiff's Complaint, and without admitting any allegations of Plaintiff's Complaint, Defendant states as follows:

1. Defendant is entitled to qualified, good-faith immunity from Plaintiff's claim.

2. To the extent Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act and other applicable statutes.

3. Plaintiff fails to state a claim for relief.

4. Any injury or damages suffered by the Plaintiff was due to the intervening act of another person(s).

5. Plaintiff has failed to mitigate or otherwise act to lessen or reduce the injuries and damages as alleged.

6. Defendant was at all times acting in conformity with all applicable federal and state laws and regulations and acted with reasonable care.

7. Upon information and belief, whatever damages the Plaintiff may have sustained were caused in whole or in part by the culpable conduct of the Plaintiff and the amount of damages, if any, should be reduced in proportion to the culpable conduct attributable to the Plaintiff.

WHEREFORE, having also answered Count 3 of Plaintiff's Complaint, Defendant, **Sheriff Richard Watson,** respectfully requests that this Court enter judgment on Count I of Plaintiff's Complaint in its favor and against Plaintiff based on these affirmative defenses, and order such other relief as this Court deems just and proper.

## Count 4

This Defendant, Sheriff Watson, is not named as a defendant in Count 4, as he is only named as a defendant in Counts 1, 2 & 3 of the Complaint, and therefore this Defendant provides no answer to this Count.

WHEREFORE, Defendant, Sheriff Watson, respectfully requests this Honorable Court to dismiss the Plaintiff's Complaint, in whole and in part, and enter judgment in favor of Defendant Sheriff Watson, and for any and all other relief as this Court deems just and proper.

Respectfully submitted,

    s/Thomas R. Ysursa
Thomas R. Ysursa #6257701
Becker, Hoerner, & Ysursa, P.C.
*Attorneys for Defendant, Richard Watson*
5111 West Main Street
Belleville, IL 62226
Telephone: (618) 235-0020
Facsimile: (618) 235-8558

Email: try@bhylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2021, I electronically filed this document with the Clerk of the Court using the CM/ECF system, and served this document via U.S. Mail to the following:

Keandre Hollins
470495
St. Clair County Jail
700 North 5th Street
Belleville, Illinois 62220

/s/ Thomas R. Ysursa